IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIRIAM MALDONADO-TORRES,<br><br>**Plaintiff**,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for R-G PREMIER BANK,<br><br>**Defendant**. | CIVIL NO. 11-1511 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Federal Deposit Insurance Corporation as the receiver for R-G Premier Bank's ("FDIC-R") motion to dismiss the case for lack of subject-matter jurisdiction. (Docket No. 8.) For the reasons set forth below, defendant FDIC-R's motion to dismiss is **GRANTED**.

**DISCUSSION**

**I.  Background**

R-G Premier Bank ("R-G Premier" or "the Bank") was plaintiff Miriam Maldonado-Torres' ("plaintiff" or "Torres") former employer. (Docket No. 6-1 at ¶ 3.)  On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico determined that R-G Premier was not in good financial condition and could not continue its business. (See Docket No. 1-3, p. 1.) Therefore, it closed the Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver of the failed

Civil No. 11-1511 (FAB)                                                  2
---

Bank.  <u>Id.</u>  On that same date, the FDIC accepted its appointment as the Bank's receiver.  (<u>See</u> Docket No. 1-4.)

After the FDIC accepted its appointment as the Bank's receiver, defendant FDIC-R allegedly sent Torres a letter, notifying her of her rights to submit an administrative claim to FDIC-R for any payments from the failed Bank.  (Docket No. 8 at p. 2.)  Defendant FDIC-R contends that the letter notified the plaintiff that she had to submit any claim by a "Claims Bar Date," which defendant FDIC-R set as August 4, 2010.  <u>Id.</u>  Defendant FDIC-R also argues that its letter states clearly that it would only consider claims where a claimant completes and signs an enclosed proof form with supporting documentation.  (<u>See</u> Docket No. 8-1 at ¶ 7.)  Plaintiff allegedly submitted timely claims[1] for three items:  1) unpaid vacation, 2) a bonus, and 3) severance pay under Puerto Rico Law 80, P.R. Laws Ann. tit. 29, § 185a ("Law 80").  <u>Id.</u>  Defendant FDIC-R seems to have addressed the claims partially, and approved one of plaintiff's claims in a letter sent to plaintiff on July 19, 2010.  (<u>See</u> Docket No. 8-1, Exhibit 1, pp. 1-2.)  On

---

[1] Neither plaintiff nor defendant FDIC-R states exactly when these claims were submitted.  In her complaint, plaintiff states that FDIC-R dismissed her on May 21, 2010 and that her cause of action arises out of this dismissal, (<u>see</u> Docket No. 6-1 at ¶¶ 7-10), so presumably, she filed these claims after that date.  Defendant FDIC-R filed an exhibit that supports this idea.  The exhibit, (<u>see</u> Docket 8-1, Exhibit 1, p. 3), is a "Proof of Claim" form with a stamp that reads "Received by FDIC[,] Jun 2[,] 2010[,] Claims Dept."  Therefore, the Court will treat June 2, 2010 as the date that plaintiff filed her claims with FDIC-R.

Civil No. 11-1511 (FAB)                                                          3

February 11, 2011, defendant FDIC-R sent plaintiff a second letter, which approved plaintiff's claims one and two but disallowed claim three, the Law 80 claim.  (See Docket No. 8 at ¶¶ 9-10; see also Docket No. 8-1, Exhibit 2, p. 1.)

On April 20, 2011, Torres sued FDIC-R, the failed banking corporation and its liquidating receiver, pursuant to Puerto Rico law in the Commonwealth Court of First Instance, Ponce Superior Division (Civil No. JPE 2011-0264).  (See Docket No. 6-1 at ¶ 2.) Plaintiff's claims arise out of her alleged unjust dismissal by FDIC-R on May 21, 2010.  (Docket No. 6-1 at ¶¶ 7-9.)  In her state complaint, Torres claims that she is entitled to $13,188.08 pursuant to (1) Law 80 for an unjustified dismissal and (2) Puerto Rico Law 45, P.R. Laws Ann. tit. 11, § 1, ("Law 45") for workers' compensation.  (See Docket No. 6-1 at ¶¶ 9-10.)

On June 2, 2011, defendant FDIC-R removed the case to this forum, arguing that pursuant to the Federal Deposit Insurance Act ("FDIC Act"), 12 U.S.C. § 1819, all civil lawsuits in which the FDIC is a party, in any capacity, "shall be deemed to arise under the laws of the United States."  (See Docket No. 1 at ¶ 4.)  Thus, FDIC-R contends that removal was proper pursuant to the FDIC Act and 28 U.S.C. § 1331 based on federal question jurisdiction.  (See Docket No. 1 at ¶¶ 4-5.)  On that same date, FDIC-R also filed an answer to the complaint.  (Docket No. 3.)  Plaintiff did not file a motion to remand.

On August 8, 2011, FDIC-R filed a motion to dismiss, pursuant to either Federal Rule of Civil Procedure 12(b)(1)("Rule 12(b)(1)") for lack of subject-matter jurisdiction and, alternatively, pursuant to Rule 12(b)(6) for failure to state a claim. (Docket No. 8 at p. 1.) Specifically, FDIC-R argues that the Court does not have subject-matter jurisdiction because 1) Torres failed to file a lawsuit on her severance benefits claim before the statute of limitations expired pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(6); and 2) Torres failed to include her workers' compensation claim in her administrative claim, and thus, failed to exhaust the administrative process. (See Docket No. 8 at pp. 3 and 8.) Therefore, FDIC-R argues, the Court - or any other court - is jurisdictionally barred from reviewing plaintiff's claims. (See Docket No. 8 at pp. 3, 5, 6, and 8.) The Court will address each argument in turn.

Pursuant to Federal Rule of Civil Procedure 6(a), Local Rule 5(e), and Local Rule 7(b), plaintiff had until August 25, 2011 to file an opposition to defendant's motion to dismiss. Plaintiff did not file an opposition to FDIC-R's motion to dismiss by that date. On August 31, 2011, FDIC-R filed a motion to deem its motion to dismiss as unopposed (Docket No. 9), which the Court granted. (Docket No. 10.) On October 20, 2011, nearly two months after her August 25, 2011 deadline, plaintiff filed a notice of appearance

Civil No. 11-1511 (FAB)                                            5

and a request for extension of time.  (See Docket No. 11.)  The Court denied plaintiff's request for extension of time as moot. (Docket No. 12.)

## II.  Legal Analysis

### A.  Federal Rule of Civil Procedure 12(b)(1) Standard

Federal courts are courts of limited jurisdiction. Destek Grp. v. State of N.H. Pub. Utils. Comm'n., 318 F.3d 32, 38 (1st Cir. 2003).  Therefore, "federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F.Supp.2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998)). Because federal courts have limited jurisdiction, the party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction.  Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (internal citations omitted).

A party may move to dismiss an action for lack of subject-matter jurisdiction.  Fed.R.Civ.P. 12(b)(1); see also Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001) (discussing how Rule 12(b)(1) is the "proper vehicle for challenging a court's subject-matter jurisdiction.")  Motions brought under Rule 12(b)(1) are subject to a similar standard as

Civil No. 11-1511 (FAB)                                                6

Rule 12(b)(6) motions.[2]  Boada v. Autoridad de Carreteras v. Transportacion, 680 F.Supp.2d 382, 384 (D.P.R. 2010) (citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994)).  Subject-matter jurisdiction is properly invoked when a colorable claim "arising under" the Constitution or law of the United States is pled.  28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted).  Usually, a claim arises under federal law if a federal cause of action emerges from the face of a well-pleaded complaint.  See Viqueira, 140 F.3d at 17 (internal citations omitted).  Therefore, in considering a Rule 12(b)(1) motion, "[the district court] must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d at 363).

    **B.  FIRREA'S Administrative Process Requirements for Claimants**

FIRREA establishes that when the FDIC is acting as a conservator or receiver, it succeeds to "all the rights, titles, powers, and privileges . . . and the assets of the insured depository institution."  12 U.S.C. § 1821(d)(2)(A)(i).  FIRREA also establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets

---

[2] Defendant FDIC-R states that it moves to dismiss under both Rules 12(b)(1) and 12(b)(6).  Because the standard is almost identical for both rules, the Court will focus its analysis on defendant FDIC-R's Rule 12(b)(1) argument, which is dispositive in this case.

Civil No. 11-1511 (FAB)                                                7

of the affected institution.  12 U.S.C. § 1821(d)(13)(D).  If the process is not completed by a claimant, a judicial bar will be imposed on "any claim that seeks payment, or determination of rights from the assets of the failed institution, for which the [FDIC] has been named receiver."  Id.; see also Loyd v. FDIC, 22 F.3d 335, 337 (1st Cir. 1994); Marquis v. FDIC, 965 F.2d 1148, 1153 (1st Cir. 1992).

In Puerto Rico, the Office of the Commission of Financial Institutions of the Commonwealth of Puerto Rico appoints the FDIC as receiver of a failed bank.  See P.R. Laws Ann. tit. 7, § 2001 *et. seq*.  Once the FDIC has been appointed as receiver, it must notify[3] the failed bank's creditors of its appointment and of the creditors' obligation to present their claims, with proof, by a specific date.  12 U.S.C. § 1821(d)(3)(B)(i).  This date, which is known as the "bar date," must not be less than ninety days after publication of the notice to claimants.  FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998) (citing 12 U.S.C. § 1821(d)(3)(B)).

If a claimant timely files a claim before the bar date, the FDIC has authority to determine the claim in accordance with the procedures established in FIRREA.  12 U.S.C. § 1821(d)(3)-(6).

---

[3] If the FDIC fails to mail the notice, the claimant is not exempt from exhausting the administrative process.  Lozada v. FDIC, No. 10-1644 (JAG), 2011 WL 2199369 at *1 (D.P.R. Jun. 06, 2011) (internal citations omitted).  As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the requirements of 12 U.S.C. § 1821(d)(3)(B) will be satisfied.  Id.

Civil No. 11-1511 (FAB)                                                  8
---

FIRREA states that the FDIC has 180 days to determine whether to allow or disallow a claim.  12 U.S.C. § 1821(d)(5)(A)(i).  The determination of whether to allow or disallow a claim will be deemed satisfied once it is mailed to the last address of the claimant.  12 U.S. C. § 1821(d)(5)(A)(iii).  If the FDIC disallows a claim, its notice must include a statement of each reason for the disallowance.  12 U.S.C. § 1821(d)(5)(A)(iv).  The notice must also include the procedure available for obtaining administrative or judicial review of the FDIC's determination.  Id.

When the FDIC disallows a claim, or fails to respond to the claimant within the 180-day determination period, the claimant must either:  1) request administrative review, 2) file a new action in the appropriate federal court, or 3) "continue" an action that started prior to the appointment of the FDIC as receiver.  12 U.S.C. § 1821(d)(6)(A).  The claimant must take any of these actions within 1) sixty days after the claimant receives the notice of disallowance, or 2) sixty days after the expiration of the 180-day determination period allowed to the FDIC under 12 U.S.C. § 1821(d)(5)(A), whichever occurs earlier.  12 U.S.C. § 1821(d)(6)(A).  If the claimant fails to take any of these actions within the earlier of the prescribed periods of time, then "[the FDIC's] disallowance [of the claim] shall be final, and the claimant shall have no further right or remedies with respect to such claim."  12 U.S.C. § 1821(d)(6)(B).  Therefore, if the

Civil No. 11-1511 (FAB)                                                9

claimant fails to comply with these requirements, then the Court will not have jurisdiction over his or her claim.  12 U.S.C. § 1821(d)(13)(D).

### 1. Plaintiff's Severance Benefits Claim

Here, R-G Premier Bank went into receivership on April 30, 2010.  (See Docket No. 1-3.)  Plaintiff filed timely claims for severance benefits on June 2, 2010.[4]  (See Docket No. 8-1, Exhibit 1, p. 5.)  On July 19, 2010, FDIC-R granted plaintiff's request for unpaid vacation in the amount of $474.32, but did not mention the other two claims.  (See Docket No. 8-1, Exhibit 1, pp. 1-2.)  On February 11, 2011, however, FDIC-R granted plaintiff's requests for unpaid vacation and for a bonus in a second letter titled "Notice of Allowance of Claim."  (Docket No. 8-1, Exhibit 1, p. 3.)  On that same date, FDIC-R disallowed plaintiff's claim for severance benefits pursuant to Puerto Rico Law 80 in a letter titled "Notice of Disallowance of Claim." (Docket No. 8-1, Exhibit 2, p. 1.)  In compliance with 12 U.S.C.

---

[4] While the complaint does not indicate that plaintiff received notice of receivership and plaintiff's obligations to file a claim pursuant to 12 U.S.C. § 1821(d)(3)(B), her claim with FDIC-R on June 2, 2010, (see Docket No. 8-1, Exhibit 1, p. 5), indicates that she was aware of the appointment. Furthermore, Rita F. Entsminger, a Resolutions and Receivership Specialist/Claims Agent for the FDIC, who oversees the receivership claims process for R-G Premier Bank, submitted an affidavit stating that a notice was sent to plaintiff.  (See Docket No. 8-1.)  Thus, plaintiff is not exempt from exhausting the administrative process in accordance with 12 U.S.C. § 1821(d)(3)(B).

Civil No. 11-1511 (FAB)                                                    10

§ 1821(d)(5)(A)(iv), the letter provides the following reason for disallowing her claim:

> "[Plaintiff's] employment with RG Premier Bank of Puerto Rico ended as a result of bank failure. Full, temporary or partial failure of the operations of the establishment is one of the enumerated definitions of good cause which relieves an employer of the need to pay severance benefits, 29 L.P.R.A § 185b(c). The failure of RG Premier Bank of Puerto Rico on 30 April 2010 represents "good cause" for dismissal and exempts an employer from paying severance benefits under Law 80." Id.

In addition, the letter states the procedure that plaintiff has available for obtaining an administrative or judicial review of the FDIC's determination:

> "Pursuant to 12 U.S.C. § 1821(d)(6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver), in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States District Court for the District of Columbia within 60 days from the date of this notice." Id.

Furthermore, the letter states in bold and capitalized font that if plaintiff does not file a lawsuit within the sixty-day period, then "the disallowance will be final, and [her] claim will be forever barred, and [she] will have no further rights or remedies with respect to [her] claim. 12 U.S.C. § 1821(d)(6)(B)." Id. Defendant FDIC-R also submitted a certified mail receipt to demonstrate that plaintiff received the February 11, 2011 letters. (Docket No. 8-1, Exhibit 2, p. 2.)

Civil No. 11-1511 (FAB)                                                        11
_____

        According to the Court's calculations, FDIC-R had until November 29, 2010 to determine whether to allow or disallow plaintiff's claims because November 29, 2010 is 180 days after June 2, 2010, which is the date that Torres submitted her claims. 12 U.S.C. § 1821(d)(5)(A).  Even though FDIC-R took no action by the 180th day, plaintiff had sixty days after November 29, 2010 to either request administrative review, file a new action in the appropriate federal court, or "continue" an action that started prior to the appointment of the FDIC as receiver.  See e.g., Resolution Trust Corp. v. W.W. Dev. & Mgmt., Inc., 73 F.3d 1298, 1305 n. 12 (3d Cir. 1996) (discussing how "Congress clearly contemplated the possibility of the 180-day period expiring without [the FDIC] having resolved a claim, for section 1821(d)(6)(A) states that a claimant has 60 days after the expiration of the 180-day claim determination period or the disallowance of a claim to seek administrative review or to institute an action in court."). Therefore, plaintiff had until January 28, 2011 either to request administrative review, file a new action in the appropriate federal court, or "continue" an action that started prior to the appointment of the FDIC as receiver.  Plaintiff took no such action by January 28, 2011:  she waited until April 20, 2011 to file this case.  (See Docket No. 6-1, p. 2.)

        The date on the notice of disallowance, however, was February 11, 2011 and FDIC-R stated that plaintiff must take one of

Civil No. 11-1511 (FAB)                                           12

the actions stated in 12 U.S.C. § 1821(d)(6) "within 60 days from the date of [that] notice [of disallowance]."  (Docket No. 8-1, Exhibit 2, p. 1.)  According to the letter, it seems that FDIC-R tolled the beginning of the sixty-day period until it sent its notice to plaintiff.[5]  Id.  Even if the beginning of sixty-day period were tolled until after FDIC-R disallowed her claims, an action for which FIRREA does not provide, plaintiff still failed to take any action within the sixty-day period.  According to defendant FDIC-R's reading of FIRREA and its calculations, which are generous to the plaintiff, the sixty-day period ended on April 12, 2011.  (Docket No. 8, p. 6.)  Plaintiff filed this case on April 20, 2011, however, (see Docket No. 6-1, p. 2), which is eight days after the expiration of the sixty-day period, even if tolled.

Therefore, plaintiff's claims are barred from judicial review because she failed either to request administrative review or file a new action in federal district court[6] pursuant to 12 U.S.C. § 1821(d)(6) within the stated statute of limitations.

---

[5] Indeed, defendant argues that Torres had sixty days after FDIC-R's notice of disallowance, dated February 11, 2011, to commence an action against FDIC-R or to continue a pre-receivership action against FDIC-R.  (See Docket No. 8, p. 6.)

[6] Defendant FDIC-R argues that plaintiff failed to "continue" a suit filed prior to appointment of the receiver.  (See Docket No. 8, pp. 6-9).  This argument, however, is irrelevant because plaintiff filed her claims with FDIC-R on June 2, 2010, after R-G Premier entered into receivership on April 30, 2010.  (See Docket No. 8-1, Exhibit 2.)

### 2. Plaintiff's Workers' Compensation Claim

Plaintiff also failed to exhaust the administrative process pursuant to 12 U.S.C. § 1821(d)(13)(D) with regard to her workers' compensation claims. Plaintiff had knowledge of the FDIC's appointment because she submitted claims to FDIC-R on June 2, 2010. (See Docket No. 8-1, Exhibit 1, p. 5.) Her June 2, 2010 claims only included requests for "Vacations, bonus" and "[b]enefits to receive for years of services." There is no indication that she made any claim for workers' compensation before the bar date, which was August 4, 2010. Thus, a judicial bar also applies to her workers' compensation claim. 12 U.S.C. § 1821(d)(13)(D); Loyd, 22 F.3d at 337; Marquis, 965 F.2d at 1153. Therefore, given that plaintiff failed to exhaust the mandatory claims process prescribed by 12 U.S.C. § 1821(d)(13)(D) timely, the Court lacks subject-matter jurisdiction to entertain this claim.

## IV. CONCLUSION

For the reasons expressed, the Court **GRANTS** defendant's motion to dismiss the case with prejudice. Judgment shall be entered accordingly. Because this case has been dismissed, plaintiff is not entitled to the statutory attorney's fees as provided in Puerto Rico Law 80.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 21, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE